COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION \_\_\_\_
CASE NO. 17-CI-_____

**RONALD KEITH HOUSTON**
44 Woodland Hills Drive, Apt. 7
Southgate, KY 41071                                              **PLAINTIFF**

v.                          ** ELECTRONICALLY FILED **

**AMAZON.COM, LLC**
1155 Worldwide Boulevard
Hebron, KY 41048
Serve:  Corporation Service Company
        421 W. Main Street
        Frankfort, KY 40601                                      **DEFENDANT**

## COMPLAINT AND JURY DEMAND

Now comes the Plaintiff, Ronald Keith Houston, by and through counsel, and for his Complaint against Defendant, Amazon.com, LLC, states as follows:

### PARTIES

1.  Plaintiff, Ronald Keith Houston, is a citizen of Campbell County, Kentucky.

2.  Plaintiff brings this action pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.*, Kentucky's Civil Rights Act, K.R.S. 344.010 *et seq.*

3.  Defendant, Amazon.com, LLC, is a foreign corporation organized and existing under the laws of the State of Washington, with its principle place of business in Seattle, Washington and which transacts business in Hebron, Boone County, Kentucky, where the Plaintiff was employed.

4.  The facts giving rise to this action occurred in Boone County, Kentucky and, therefore, this Court is the appropriate venue for this action.

Filed          17-CI-01014     07/31/2017            Dianne Murray, Boone Circuit Clerk

## STATEMENT OF FACTS

5. Plaintiff, Ronald Keith Houston, was employed by Defendant, at its facility located at 1155 Worldwide Boulevard, Hebron, Boone County, Kentucky 41048.

6. In the year preceding April 21, 2017, Plaintiff was employed by said Defendant on a full-time basis, having worked more than 1,250 hours during said time period. Further, Plaintiff had been employed by Defendant for more than one (1) year prior to April 21, 2017.

7. At all times relevant hereto, Defendant employed more than fifty (50) employees at its Boone County, Kentucky place of business.

8. At all times relevant hereto, Plaintiff performed his job with Defendant in a competent manner.

9. Plaintiff suffers from a chronic condition known as Chronic Obstructive Pulmonary Disease (COPD), and, as a result, is substantially limited in the performance of major life activities, has a record of such substantial impairment, and/or was regarded as being so impaired by the Defendant.

10. Due to restrictions associated with COPD, Plaintiff informed Defendant, on or about August 21, 2016, that he would need to take medical leave under the FMLA for the period of time August 21, 2016 through October 1, 2016. Although he was entitled to take paid time off during that period of time, and did, in fact, receive FMLA, he was never compensated for that time and is entitled to payment of his wages in the amount of $3,600.00.

11. On or about April 17, 2017, due to restrictions associated with COPD, Plaintiff informed Defendant that he would need to take a medical leave of absence under the FMLA for a period of time up to and including May 1, 2017. He had initially taken off work on April 17,

2017 due to COPD and requested FMLA leave on April 24, 2017, asking that it be retroactive to his first day off of April 17, 2017.

12. At his doctor's direction, Plaintiff was to remain off work until May 1, 2017, at which time he reported back to work.

13. Plaintiff learned that the Defendant had delegated FMLA leave coordination, responsibility, and decision-making authority to a third party. That third party refused to honor the Plaintiff's FMLA, which had already been approved, and refused to let him return to work, cancelling his security badge for admission into the plant.

14. Plaintiff spoke with his manager on or about May 5, 2017, at which time the manager promised to rectify the erroneous situation, but failed to do so.

15. As a result of such termination, Plaintiff lost his health insurance coverage.

16. As a further result of said termination, Plaintiff has suffered and continues to suffer from a loss of pay and benefits and has been compelled to endure significant physical and emotional pain and suffering

## COUNT ONE

17. Plaintiff incorporates herein, as if fully set out, paragraphs 1 through 16 of this Complaint.

18. At all times relevant hereto, Defendant was a covered employer under the FMLA.

19. At all times relevant hereto, Plaintiff was a covered employee under the FMLA.

20. The health condition resulting in Plaintiff's need for FMLA leave was a serious health condition within the meaning of the FMLA.

21. Defendant interfered with Plaintiff's use of FMLA leave by terminating him for taking approved FMLA leave and by refusing to reinstate him following the conclusion of said FMLA leave.

22. Defendant, further, retaliated against Plaintiff for attempting to take FMLA leave by terminating his employment and refusing to reinstate him following the conclusion of said FMLA leave.

23. As a result thereof, Plaintiff is entitled to recover his lost wages and employment benefits and any other compensation lost as a result of the violations of the FMLA and is entitled to his attorney's fees, costs reinstatement and other equitable relief pursuant to 29 U.S.C. § 2617(a).

24. Moreover, Defendant's actions were not undertaken in good faith and Defendant had no reasonable grounds to believe its conduct was in compliance with the FMLA, authorizing the imposition of liquidated damages under 29 U.S.C. § 2617.

## COUNT TWO

25. Plaintiff incorporates herein, as if fully set out, paragraphs 1 through 24 of this Complaint.

26. Plaintiff's medical condition qualifies as a "disability" within the meaning of the Kentucky Civil Rights Act.

27. Defendant discriminated against Plaintiff on the basis of his disability by failing to provide reasonable accommodation to his disability, including, but not limited to, the refusal to allow him medical leave to seek medical care for his medical condition.

28. As a result thereof, Plaintiff has suffered loss of income and benefits and has suffered severe emotional distress and physical pain and suffering.

29. As a result thereof, Plaintiff is entitled to damages as hereinabove set forth.

WHEREFORE, Plaintiff demands judgment as follows:

A. For actual and liquidated damages under the FMLA;

B. For actual and compensatory damages under the Kentucky Civil Rights Act and under the common law of Kentucky;

C. For the costs of this action;

D. For attorney's fees;

E. For equitable relief, including front pay and/or reinstatement;

F. For reinstatement to his previous position; and,

G. For any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

_____
N. Jeffrey Blankenship, Esq. (#05795)
Monohan & Blankenship
7711 Ewing Boulevard, Suite 100
Florence, KY 41042
859-283-1140
859-283-5155 (Fax)
jeff@kyattys.com

_____
Randy J. Blankenship, Esq. (#81924)
Blankenship Massey & Associates, PLLC
504 Erlanger Road
Erlanger, KY 41018
859-426-9000
859-426-9001 (Fax)
rblankenship@nkylawyers.com

*Co-Counsel for Plaintiff*

## JURY DEMAND

Now comes the Plaintiff and hereby demands a trial by jury.

_____
N. Jeffrey Blankenship

EXHIBIT A

Filed                17-CI-01014    07/31/2017              Dianne Murray, Boone Circuit Clerk

## VERIFICATION

Comes now the Plaintiff, Ronald Keith Houston, and hereby states that the foregoing information is true and correct to the best of his knowledge, information and belief.

*RONALD KEITH HOUSTON*

COMMONWEALTH OF KENTUCKY )
COUNTY OF BOONE          )

Subscribed and sworn to before me by Ronald Keith Houston on this 26th day of July, 2017.

My Commission Expires:

N. Jeffrey Blankenship
State At Large, Kentucky
Notary Public
Commission No. 529071
My Commission Expires 3/2/2019

NOTARY PUBLIC
State at Large – KY

Filed                17-CI-01014    07/31/2017              Dianne Murray, Boone Circuit Clerk

EXHIBIT A