# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# AT COVINGTON

| | |
|---|---|
| **RONALD KEITH HOUSTON**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:17-CV-145-WOB/JGW |
| ) | |
| **AMAZON.COM, LLC**, ) | |
| ) | |
| Defendant. ) | |

## **ANSWER**

Amazon.com.kydc LLC ("Defendant"), incorrectly identified in the Complaint as "Amazon.com LLC," hereby admits, denies, or avers as follows to the allegations in Plaintiff Ronald Keith Houston's ("Plaintiff") Complaint. Paragraph numbers of the Answer correspond to paragraph numbers in the Complaint. All allegations not specifically admitted are denied.

## I. **PARTIES, JURISDICTION AND VENUE**

1. Defendant admits the allegations in Paragraph One.

2. Defendant admits that Plaintiff purports to bring an action under the Family and Medical Leave Act and Kentucky Civil Rights Act, but denies all other allegations in Paragraph Two.

3. Defendant admits that it is a foreign corporation that transacts business in Hebron, Boone County, Kentucky, where Plaintiff was employed. Defendant states that its principal office is in Lexington, Kentucky, and denies the other allegations in Paragraph Three.

4. The allegations in Paragraph Four constitute a legal conclusion for which no response is required. To the extent a response is required, Defendant does not contest the venue of this action.

**STATEMENT OF FACTS**

5. Defendant admits the Plaintiff was employed by Defendant at its facility in Boone County, Kentucky, but denies any implication that Plaintiff is not still an employee of Defendant.

6. Defendant admits the allegations in Paragraph Six.

7. Defendant admits the allegations in Paragraph Seven.

8. Defendant denies the allegations in Paragraph Eight.

9. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations about Plaintiff's medical diagnosis and limitations contained in this Paragraph. Accordingly, Defendant denies same. Defendant further denies it ever regarded Plaintiff as impaired.

10. Defendant denies the allegations in Paragraph Ten.

11. Defendant admits that Plaintiff did not appear for work beginning April 17, 2017, and that he later requested medical leave, but Defendant denies the other allegations in Paragraph Eleven.

12. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph Twelve. Accordingly, Defendant denies same.

13. Defendant denies the allegations in Paragraph Thirteen.

14. Defendant is without sufficient information to form a belief as to the truth

or falsity of the allegations about Plaintiff's conversation with an unidentified "manager." Accordingly, Defendant denies same.

15. Defendant denies that Plaintiff's employment was terminated and further denies the remaining allegations in Paragraph Fifteen.

16. Defendant denies that Plaintiff's employment was terminated and further denies the remaining allegations in Paragraph Sixteen.

## **COUNT ONE**

17. Defendant restates by reference its prior responses to Paragraphs One to Sixteen.

18. The allegations in Paragraph Eighteen constitute a legal conclusion for which no response is required. To the extent a response is required, Defendant denies same.

19. The allegations in Paragraph Nineteen constitute a legal conclusion for which no response is required. To the extent a response is required, Defendant denies same.

20. The allegations in Paragraph Twenty constitute a legal conclusion for which no response is required. To the extent a response is required, Defendant denies same.

21. The allegations in Paragraph Twenty One constitute a legal conclusion for which no response is required. To the extent a response is required, Defendant denies same.

22. The allegations in Paragraph Twenty Two constitute a legal conclusion for

which no response is required. To the extent a response is required, Defendant denies same.

23. Defendant denies the allegations in Paragraph Twenty Three.

24. The allegations in Paragraph Twenty Four constitute a legal conclusion for which no response is required. To the extent a response is required, Defendant denies same.

## COUNT TWO

25. Defendant restates by reference its prior responses to Paragraphs One to Twenty Four.

26. The allegations in Paragraph Twenty Six constitute a legal conclusion for which no response is required. To the extent a response is required, Defendant denies same.

27. The allegations in Paragraph Twenty Seven constitute a legal conclusion for which no response is required. To the extent a response is required, Defendant denies same.

28. Defendant denies the allegations in Paragraph Twenty Eight.

29. Defendant denies the allegations in Paragraph Twenty Nine.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief set out in the "Wherefore" section of his Complaint or any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to a reasonable opportunity for further investigation and discovery and

without shifting the burden of proof on any issue for which Plaintiff bears that burden, Defendant alleges the following additional defenses:

**FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to states a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred to the extent that he failed to comply with any applicable statutes of limitation or exhaust applicable administrative remedies.

**THIRD DEFENSE**

Plaintiff is not entitled to any recovery to the extent that his claims are barred by the doctrines of waiver, consent, estoppel and unclean hands.

**FOURTH DEFENSE**

To the extent that discovery reveals after-acquired evidence of wrongdoing by Plaintiff and the wrongdoing would have materially affected the terms and conditions of Plaintiff's employment, or would have resulted in Plaintiff being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages or shall reduce such claim for damages as provided by law.

**FIFTH DEFENSE**

To the extent Plaintiff failed to mitigate his damages, any damages that may be awarded to Plaintiff should be reduced accordingly.

**SIXTH DEFENSE**

All actions taken by Defendant, its representatives, and employees, with respect

to Plaintiff's employment, and the terms and conditions of his employment, were taken for legitimate business considerations and were taken in good faith, without any malice and without any intent to injure or harm him.

**SEVENTH DEFENSE**

Any damages and/or losses claimed in Plaintiff's Complaint resulted, in whole or in part, from substantial intervening, superseding causes, acts, omissions and/or aggravating events for which Defendant has no responsibility, including Plaintiff's own actions.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, because even if Plaintiff were able to prove that the actions of Defendant about which he complains were motivated by unlawful discriminatory or retaliatory intent (which he cannot), Defendant would have taken the same actions irrespective of such alleged unlawful intent.

**NINTH DEFENSE**

Defendant exercised reasonable care to prevent, investigate, and correct promptly any harassing or discriminatory behavior that may have occurred.

**TENTH DEFENSE**

Plaintiff failed unreasonably to take advantage of any preventative or corrective opportunities provided to Plaintiff or otherwise avoid harm.

**ELEVENTH DEFENSE**

To the extent applicable, Plaintiff is barred from bringing this action on grounds

that workers compensation laws provide the exclusive remedy for the alleged injuries and damages.

## TWELFTH DEFENSE

To the extent applicable, Plaintiff is barred from bringing this action on grounds that ERISA provides the exclusive remedy for the alleged denial of benefits and/or damages.

## THIRTEENTH DEFENSE

Any acts or omissions attributed to Defendant were not willful in that Defendant did not know or show reckless disregard for whether its conduct violated the FMLA, and, thus, the applicable statute of limitations under the FMLA is two years and Plaintiff is not entitled to liquidated damages.

## FOURTEENTH DEFENSE

Defendant reserves the right to amend its Answer to assert additional affirmative defenses and counterclaims established by the facts of this case during the course of investigation and discovery in this case, up to and including trial.

WHEREFORE, Defendants respectfully request the following:

1. Dismissal of Plaintiff's Complaint;

2. Reasonable attorney fees and costs; and

3. Any and all other relief to which they may be entitled.

This the 20th day of September, 2017.

                                                  Respectfully submitted,

*s/ C. Eric Stevens*
C. Eric Stevens (*pro hac vice*)
estevens@littler.com
LITTLER MENDELSON, P.C.
333 Commerce St., Ste. 1450
Nashville, TN 37201
Telephone: 615.383.3316
Facsimile: 615.691.7807

Jay Inman
jinman@littler.com
LITTLER MENDELSON, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY 40507
Telephone: 859.317.7970
Facsimile: 859.259.0067

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 20th day of September, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Jeffrey Blankenship, Esq.
Monohan & Blankenship
7711 Ewing Boulevard, Suite 100
Florence, KY 41042
jeff@kyattys.com

Randy J. Blankenship, Esq.
Blankenship Massey & Associates, PLLC
504 Erlanger Road
Erlanger, KY 41018
rblankenship@nkylawyers.com

                                                  *s/ C. Eric Stevens*
                                                  C. Eric Stevens